RED RIVER BROADCASTING COMPANY, Inc., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Lake Superior Broadcasting Company, Inc., a Wisconsin corporation, Intervenor.

No. 14458.

United States Court of Appeals District of Columbia Circuit.

Argued April 9, 1959.

Decided April 23, 1959.

Mr. Paul M. Segal, Washington, D. C., with whom Mr. Robert A. Marmet, Washington, D. C., was on the brief for appellant.

Mr. John J. O'Malley, Jr., Counsel, Federal Communications Commission, with whom Mr. John L. Fitzgerald, Gen. Counsel, Federal Communications Commission, and Mr. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, at the time the brief was filed, were on the brief, for appellee.

Mr. James T. Brennan, Jr., Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Stanley S. Harris, Washington, D. C., with whom Messrs. Corwin R. Lockwood and Howard F. Roycroft, Washington, D. C., were on the brief, for intervenor.

Before PRETTYMAN, Chief Judge, and EDGERTON and DANAHER, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the Federal Communications Commission, which denied a petition for rehearing and reconsideration filed by the appellant, Red River Broadcasting Company, Inc. The ground for the denial was that the Red River Company had no standing under the statute to file such a petition. The statute provides: [1]

"After a decision, order, or requirement has been made by the

1. 48 Stat. 1095 (1934), 47 U.S.C.A. § 405.

Commission in any proceeding, any party thereto, or any other person aggrieved or whose interests are adversely affected thereby, may petition for rehearing; and it shall be lawful for the Commission, in its discretion, to grant such a rehearing if sufficient reason therefor be made to appear."

The courts have said repeatedly that the requirement for aggrievement or adversely affected interests refers to a substantial aggrievement or interests substantially affected.[2]

Red River Company telecasts on Channel 3 at Duluth, Minnesota. The intervenor, Lake Superior Broadcasting Company, Inc., telecasts on Channel 6 from Marquette, Michigan. Both stations carry programs of the CBS network. Duluth is 225 miles from Marquette. Approximately midway between these cities is the town of Ironwood, Michigan, which up to the present time has had no television service. The Commission issued a construction permit to a company whose corporate name was Upper Michigan-Wisconsin Broadcasting Company and which was to telecast on Channel 12 from Ironwood. After a number of unsuccessful efforts, the permittee determined that the financial prospects of the proposed station were too poor to justify construction. Thereupon it entered into a contract whereby it assigned the permit to the Lake Superior Broadcasting Company, the telecaster at Marquette. Lake Superior proposed to use the station at Ironwood as a "satellite" station, which means that the programs of the Marquette station would be transmitted to Ironwood and there re-broadcast. The Commission approved this assignment. Red River, the Duluth telecaster, thereupon attempted to petition for reconsideration.

The proposed station at Ironwood, having less than a kilowatt of power,

would render service to a very limited area. A small part of the area thus to be served would overlap a part of the Grade B contour of the Duluth station of Red River Company. Less than 200 persons are in this overlap territory. The population of the metropolitan area of the twin cities, Duluth and Superior, is 272,100, and that of Ironwood is 11,466. The contemplated station at Ironwood would be broadcasting the same CBS programs which the Red River Company would be broadcasting from Duluth, 130 miles away. Therefore the 200 or so people in the overlap area could view the CBS programs on either Channel 3 or Channel 12. This is the damage claimed by Red River as the basis for its interest and aggrievement. We agree with the Commission that this claim is without substance. Its order is, therefore,

Affirmed.

2. Philco Corp. v. Federal Communications Comm'n, 103 U.S.App.D.C. 278, 257 F.2d 656 (D.C.Cir. 1958); National Broadcasting Co. (KOA) v. Federal Communications Comm'n, 76 U.S.App.

D.C. 238, 132 F.2d 545 (D.C.Cir. 1942), affirmed 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374 (1943); Murphy v. United States, 252 F.2d 389 (7th Cir. 1958).